Ricky T. ISOM, Appellant,

v.

Togo D. WEST, Jr., Secretary of
Veterans Affairs, Appellee.

No. 97–2144.

United States Court of Appeals
for Veterans Claims.

March 30, 1999.

Before KRAMER, HOLDAWAY, and
STEINBERG, Judges.

## ORDER

PER CURIAM:

The appellant is appealing an August 18, 1997, Board of Veterans' Appeals (BVA or Board) decision that determined that the Board did not have jurisdiction to review the appellant's claim for entitlement to medical services involving in-vitro fertilization at a VA facility, or for authorization for such services on a fee basis. The BVA concluded as a matter of law: "The October 22, 1991, medical determination by the [Veterans Health Administration] denying payment for medical treatment for fertilization to achieve pregnancy is not an adjudicative matter, and such a determination is beyond the Board's jurisdiction.... 38 C.F.R. § 20.101(b) (1996)." Record at 7.

On February 17, 1999, this case was assigned to a panel. Upon further consideration, the Court has determined the need for additional briefing addressing the following questions:

(1) Is it the Secretary's position that the meaning of the term "disability" as defined in 38 U.S.C. § 1701(1) is a medical determination not subject to Board or Court review? *See* Gen. Coun. Prec. 1–96 (March 14, 1996); *see also Kirkhuff v. Nimmo,* 683 F.2d 544, 546–48 (D.C.Cir. 1982) (Court does not resolve "difficult question" whether it had jurisdiction under 38 U.S.C. § 211(a) (1976) (similar language now at 38 U.S.C. § 511(a)) to review decisions of Administrator of Veterans' Affairs (including BVA decisions) denying medical care for pregnancy and childbirth to financially needy female veteran; BVA had denied application for such care); *id.* at 546 (jurisdictional limitation on judicial review of VA benefit system "to be interpreted narrowly, in light of a 'basic presumption of judicial review' which is to govern absent " 'clear and convincing evidence' " of Congressional intent to the contrary", quoting *Abbott Laboratories v. Gardner,* 387 U.S. 136, 141, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) (quoting *Rusk v. Cort,* 369 U.S. 367, 379–80, 82 S.Ct. 787, 7 L.Ed.2d 809), and citing *De Magno v. United States,* 636 F.2d 714, 721 (D.C.Cir. 1980)); *cf.* Pub.L. No. 102–585, § 106, 106 Stat. 4947 (1992) (found at 38 U.S.C. § 1710 note) (authorizing Secretary to furnish to women veterans under chapter 17 of title 38, U.S.Code, certain "health care services ... but not including under this section infertility services"); 138 Cong. Rec. 4190 (1992) (joint explanatory statement on Pub.L. No. 102–585 stating that "phrase 'under this section' underscores the intent of the Committees not to limit such authority as the Secretary may have to provide any infertility services under chapter 17[or] .... to signal an intent to expand such authority").

(2) Assuming that the in-vitro fertilization procedure requested by the appellant is "treatment" within the meaning of § 20.101(b), *cf.* 63 Fed.Reg. 48100, 48102 (1998) (to be codified at 38 C.F.R. § 17.272(a)(28), effective October 9, 1998) (specifically excluding "[s]ervices and supplies related to artificial insemination ..., in vitro fertilization, gamete intrafallopian transfer and all other noncoital reproductive technologies" from coverage in medical care for civilians and survivors and dependents program), does that regulation bar Board review of the determination made by the Chief of Medical Administration Service?

(3) If so, does the regulation violate the statutory provisions defining the jurisdiction of the Board? *See* 38 U.S.C. §§ 511(a), 7104(a); *cf. Kirkhuff* and *De Magno,* both *supra.*

Accordingly, it is sua sponte

ORDERED that, not later than 30 days after the date of this order, the Secretary file a memorandum on the issues stated above. It is further

ORDERED that, not later than 30 days after service of the Secretary's memorandum, the appellant file a memorandum addressing the same issues stated above. It is further

ORDERED that, pursuant to Rule 34, the Clerk shall schedule oral argument as the business of the Court permits after the above memoranda are filed.